*Buell v. Pallito*, No. 26-1-15 Wncv (Teachout, J., Sept. 1, 2015).
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                        **CIVIL DIVISION**
**Washington Unit**                                       **Docket No. 26-1-15 Wncv**

**WILLARD BUELL**
    **Plaintiff**


    **v.**


**ANDREW PALLITO, Commissioner,**
**Vermont Department of Corrections**
    **Defendant**

### ENTRY
### The State's Motion to Dismiss

Plaintiff Willard Buell is an inmate in the custody of the Vermont Department of Corrections (DOC). He alleges that the DOC improperly revoked his furlough. He filed this action seeking habeas corpus relief. The court clarified that it is a Rule 75 action. The State then moved to dismiss for lack of subject matter jurisdiction, noting that the revocation is alleged to have occurred in September 2013 and he did not file this action until January 2015. Rule 75 requires a petitioner to seek review within 30 days of an action or within 6 months of a failure to act. V.R.C.P. 75(c). In opposition, Mr. Buell has pointed out that these time limits are not jurisdictional. The State has requested that its motion be considered under Rule 12(b)(6).

Mr. Buell's point that the time limits in Rule 75 are not jurisdictional is well taken. As a matter of law, they cannot be. The rules of civil procedure "shall not be construed to extend or limit the jurisdiction of the superior courts or the venue of actions therein." V.R.C.P. 82. However, realizing that they are not jurisdictional does not mean that they are irrelevant. It means generally that those time limits are subject to potential extensions under Rule 6. The court may have additional discretion in equity in circumstances in which Rule 6 affords no relief.

In this case, however, Mr. Buell's complaint was filed long after the expiration of both timeframes in Rule 75, long after the time for any relief contemplated by Rule 6, and he has offered no compelling reason why the court should consider extending the time for any other reason.

The State's motion to dismiss is granted.

Dated at Montpelier, Vermont this 1st day of September, 2015.

 

                               _____
                               Mary Miles Teachout
                               Superior Judge